UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James E. Fields, an individual, and<br>Ed Fields and Sons, Inc., a Minnesota<br>Corporation, | Civil No. 13-509 (DWF/TNL) |
| Plaintiffs, | |
| v. | **MEMORANDUM<br>OPINION AND ORDER** |
| Anthony Emmerich, an individual; Roger<br>Okerman, an individual; Round Lake,<br>LLC, a Minnesota Limited Liability<br>Corporation; and Federal Deposit Insurance<br>Corporation, as Receiver for 1st Regents<br>Bank, | |
| Defendants. | |

___

Jennifer C. Moreau, Esq., Joan M. Quade, Esq., and Karen K. Kurth, Esq., Barna Guzy & Steffen, Ltd., counsel for Plaintiffs.

Jeffrey A. Sandell, Esq., Federal Deposit Insurance Corporation; and Rolf E. Sonnesyn, Esq., and Aaron M. Simon, Esq., Tomsche Sonnesyn & Tomsche, PA, counsel for Defendant FDIC.

Ernest F. Peake, Esq., and Patrick J. Lindmark, Esq., Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., counsel for Defendants Emmerich and Round Lake, LLC.

Kevin D. Hofman, Esq., Halleland Habicht PA, counsel for Okerman.
___

## INTRODUCTION

This matter is before the Court on the following motions: Anthony Emmerich ("Emmerich") and Round Lake, LLC's ("Round Lake") Motion for Summary Judgment

(Doc. No. 111); and Roger Okerman's ("Okerman") Motion for Summary Judgment (Doc. No. 115).[1]  For the reasons set forth below, the Court denies the motions.

## BACKGROUND

The relevant facts and procedural history of this case have been fully set forth in the Court's April 30, 2014 Memorandum Opinion and Order ("April 2014 Order") addressing the Federal Deposit Insurance Corporation's ("FDIC") Motion for Summary Judgment.  (Doc. No. 123.)  The Court will briefly summarize the case below.

This case involves a number of transactions relating to certain real property in Andover, Minnesota.  Plaintiffs allege they were fraudulently encumbered with a multi-million dollar loan as a result of Defendants' actions.

This case was initially filed in District Court for the State of Minnesota in the County of Anoka ("Anoka District Court" or the "State Court").  On December 11, 2012, the Anoka District Court issued a 58-page Order and Memorandum ("Anoka Opinion") addressing Round Lake, 1st Regents Bank ("Regents Bank"), Okerman, and Emmerich's motions for summary judgment.  (Doc. No. 12-7 ("Anoka Opinion") at 2.)  In the Anoka Opinion, the Honorable Dyanna L. Street granted in part and denied in part the motions.  (*Id.*)  Relevant to the current motions, the Judge denied the motions as they related to Plaintiffs' claims for misrepresentation by omission, fraudulent misrepresentation, unjust enrichment, breach of contract, and civil conspiracy.

---

[1]   Emmerich, Round Lake, LLC, and Okerman are collectively referred to as Defendants.

On March 5, 2013, the FDIC, as Receiver for Regents Bank, removed this case from Anoka District Court. The FDIC moved for summary judgment and the Court issued its April 2014 Order, which denied the FDIC's Motion.

On April 16, 2014, the Court also entered an order which included the following with respect to the present motions: "The Court will be allowing certain claims addressed in Defendants' motions for summary judgment (Doc. Nos. 111 & 115) to go forward and to that extent the Court will be denying Defendants' motion for summary judgment; the Court will also file its opinion/order on the pending Appeal/Objection of Magistrate Judge Decision at the time it decides these motions for summary judgment (Doc. Nos. 111 & 115)." (Doc. No. 122.)

In the motions now before the Court (Doc. Nos. 111 & 115), Defendants seek summary judgment on Plaintiffs' claims for misrepresentation by omission, fraudulent misrepresentation, unjust enrichment, civil conspiracy, and breach of contract.[2]

## DISCUSSION

**I.     Legal Standard**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*

---

[2] Okerman has not submitted a memorandum of law in support of his motion. (*See* Doc. No. 115.) Instead he "bases his Motion on the pleadings, records, and affidavits; on the papers submitted by Anthony Emmerich and Round Lake, LLC in support of their Motion for Summary Judgment." (*Id.*)

*of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.   The State Court's Prior Summary Judgment Order

Orders of the state court may be modified, opened, or set aside by a federal court after removal. *See General Inv. Co. v. Lake Shore & M. S. Ry. Co.*, 260 U.S. 261 (1922). Although "denial of summary judgment is an interlocutory order that may be reconsidered at any time," *Meyers v. Moore Eng'g, Inc.*, 42 F.3d 452, 455 (8th Cir. 1994) (citations omitted), "[a]ll injunctions, orders, and other proceedings had in [a state] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. District courts can dissolve or modify a state court order based on the federal law that governs the proceedings after a case is removed to

4

federal court. *See Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 436 (1974); *Palmisano v. Allina Health Sys., Inc.*, 190 F.3d 881, 885 (8th Cir. 1999) ("After removal, such state court orders remain in effect but 'federal rather than state law governs the future course of proceedings.'")  The court must ensure that the state court's order is in fact consistent with the Federal Rules of Civil Procedure. *See Resolution Trust Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1316 (5th Cir. 1992).

In district court in Minnesota, prior to filing a motion to reconsider, a party is required to file a letter seeking permission to so move by showing compelling circumstances.  D. Minn. LR 7.1(j).  Permission for reconsideration is only granted in "exceptional circumstances requiring extraordinary relief," *Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (internal quotations omitted), and reconsideration "should not be employed to relitigate old issues." *Clear Channel Outdoor, Inc. v. City of St. Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (quotations and citations omitted).  "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).  A district court has broad discretion in determining whether to grant or deny a motion to reconsider. *Id*.

Consistent with this Court's decision on the FDIC's motion for summary judgment, the Court concludes that the present motions for summary judgment are also "actually . . . improper request[s] for reconsideration." (Doc. No. 123 at 19); *see, e.g.*, *Hayes Broman v. J.P. Morgan Chase Bank, N.A.*, 724 F. Supp. 2d 1003, 1013-14 (D. Minn. 2010).  Although an order for summary judgment can be reconsidered, parties

5

must follow the procedures delineated in the local rules. *Hayes Broman*, 724 F. Supp. 2d at 1014.

Here, although Defendants failed to properly seek reconsideration under the District's local rules, and although this Court would not grant a request to file a motion for reconsideration[3] were it properly before the Court due to the lack of any "exceptional circumstances," the court briefly addresses Defendants' arguments below in light of applicable federal summary judgment standards. Minnesota's summary judgment standards under Minn. R. Civ. P. 56.03 are virtually identical to federal summary judgment standards under Rule 56. *See Palmisano*, 190 F.3d at 885.[4]

The Court confirms below that the State Court's order is indeed consistent with Rule 56 and declines to dissolve or modify the Anoka Opinion as a result. *See Northpark Joint Venture*, 958 F.2d at 1316 ("[W]here the prior state court order is a summary judgment, the federal court must ensure that the order is consistent with the requirements of Rule 56(c) of the Federal Rules of Civil Procedure. . . If the federal court declines to

---

[3] This differs from the FDIC's motion as it related to state-law claims because the parties here fully and thoroughly briefed the issues now before the Court. For the FDIC's motion, the Court held that, "[a]s currently briefed, the FDIC has provided only cursory and conclusory statements as to each of the state claims it seeks to have reconsidered, and the Court is unable to determine whether the FDIC has demonstrated "compelling circumstances" or is otherwise entitled to relief pursuant to a motion for reconsideration." Here, however, the Court can adequately determine whether or not it should proceed.

[4] *See also Carpenter v. Stejskal*, C7-01-01714, 2002 WL 32673938, at *2 (Minn. Dist. Ct. Aug. 19, 2002) (citations omitted) ("While Minnesota has not specifically adopted the federal summary judgment standard, the "trilogy" [of Supreme Court cases on Federal Rule 56] is cited in Minnesota decisions on summary judgment, and the Minnesota Supreme Court has stated that 'while the [United States] Supreme Court uses different language, the import of its analysis is the same.'").

reconsider the state court summary judgment, then the federal court certifies that the order is indeed consistent with Rule 56(c)").

**III.    Omissions**

A claim for misrepresentation by omission requires that a party show: that a defendant omitted a past or present material fact unknown to the plaintiffs that the defendant was under a duty to disclose; that the defendant intended for the plaintiff to rely on the omission; that the plaintiff did rely on the omission; and that the plaintiff suffered damages as a result. *Specialized Tours, Inc. v. Hagen*, 392 N.W.2d 520, 532 (Minn. 1986). As a general rule, parties to a transaction have no duty to disclose material facts to each other, except under special circumstances. *Richfield Bank & Trust Co. v. Sjorgren*, 244 N.W.2d 648, 650 (Minn. 1976). There are three exceptions to this general rule: "(1) when a confidential or fiduciary relationship exists; (2) when disclosure is necessary to clarify misleading information already disclosed; or (3) when one party has 'special knowledge' of material facts to which the other party does not have access." *Taylor Inv. Corp. v. Weil*, 169 F. Supp. 2d 1046, 1064 (D. Minn. 2001) (citations omitted). For the third exception, "if a party conceals a fact material to the transaction, and peculiarly within his own knowledge, knowing that the other party acts on the presumption that no such fact exists, it is as much a fraud as if the existence of such fact were expressly denied, or the reverse of it expressly stated." *Sjogren*, 365, 244 N.W.2d at 650.

Defendants argue that the Court should grant summary judgment on Plaintiffs' claims for misrepresentation by omission because Defendants did not owe Plaintiffs a duty because they had no "special knowledge" of material facts. The Court disagrees.

Plaintiffs have shown that issues of material fact exist with respect to whether Defendants had "special knowledge" of facts to which Plaintiffs did not have access. As the State Court found, this Court finds that Plaintiffs present evidence that Defendants knew that Round Lake did not plan to and was not proceeding with developing the property at issue. For example, Plaintiffs point to the 2008 Loan Presentation Report which observed that there were no immediate plans to develop the property. Plaintiffs also present evidence the Defendants knew that the property would not generate the income they required to pay the Round Lake Notes. There is evidence that Defendants particularly knew that they would be unable to make interest payments beginning in April 2009. Plaintiffs further present evidence that creates a factual dispute as to what Defendants knew about Round Lake's financial situation. For example, Plaintiffs refer to meetings and e-mails where Defendants expressed concerns about their financial situation. In addition, Plaintiffs present evidence that Defendants had clear financial interests in the transaction and communicated about those motives. (*See* Anoka Opinion at 25-26.)

The Court particularly agrees with the State Court's characterization of the interwoven nature of Defendants' relationships as they relate to Plaintiffs' claims: "Taken as a whole, Defendants' intertwined relationships with one another and with Plaintiffs arguably create a duty to disclose omitted information." (*Id.* at 26.) For

8

example, Emmerich was a shareholder of Regents Bank and was on the bank's loan committee at the time of the transaction with Plaintiffs.

Thus, the Court finds that this evidence is sufficient to raise disputed issues of material fact under Rule 56, as it was under Minnesota Rule of Civil Procedure 56.03. The Court therefore declines to dissolve or modify the State Court's Order with respect to Plaintiffs' claim for misrepresentation by omission.

**IV.   Fraudulent Misrepresentation**

In Minnesota, a claim for fraudulent misrepresentation requires that the plaintiff establish the following five elements:

> (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer[ed] pecuniary damage as a result of the reliance.

*Hoyt Props., Inc. v. Prod. Res. Grp., L.L.C.*, 736 N.W.2d 313, 322 (Minn. 2007) (citations omitted). To support a fraudulent misrepresentation claim, the statement at issue must concern a past or present fact, not a future event. *Benson v. Rostad*, 384 N.W.2d 190, 194 (Minn. Ct. App. 1986). However, a fraudulent misrepresentation claim can be supported by a promise to perform a future action if there is affirmative evidence that the party making the misrepresentation had no intention of performing that promise at the time she made it. *Hayes v. Northwood Panelboard Co.*, 415 N.W.2d 687, 690 (Minn. Ct. App. 1987).

Defendants argue that the four fraudulent misrepresentations identified by Plaintiffs are either untrue or are "entirely irrelevant." Plaintiffs counter that they have presented evidence that Defendants "had no intention of performing" at the time they promised that Round Lake would make all statements. *See Hayes,* 415 N.W.2d at, 690. The Court agrees with Plaintiffs.

Plaintiffs present evidence, taken in the light most favorable to Plaintiffs, that creates a genuine issue of material fact regarding whether Defendants knew that their representations about the property's development and about Plaintiffs' obligations were false at the time they made them. Plaintiffs present evidence that Defendants knew they were not planning to develop the property at issue and discussed selling the property before the closing. As the State Court notes, Plaintiffs presented evidence that Okerman and Emmerich represented to Fields that he was not going to have to pay for their arrangement and that they led Fields to believe that by signing the documents he would not have obligations and that his signature would only act as an assurance to the Board of Directors. (Anoka Opinion at 26.) Plaintiffs also point to evidence of the substantially intertwined nature of the relationships amongst Defendants and their financial interests.

Thus, the Court finds that this evidence is sufficient to raise disputed issues of material fact under Rule 56, as it was under Minnesota Rule of Civil Procedure 56.03. The Court therefore declines to dissolve or modify the State Court's Order with respect to Plaintiffs' claim for fraudulent misrepresentation.

## V.     Unjust Enrichment

For an unjust enrichment claim, the plaintiff must show, "that the defendant has knowingly received or obtained something of value for which the defendant in equity and good conscience should pay." *ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 306 (Minn. 1996) (quotations and citations omitted).  It is not enough that "one party benefits from the efforts or obligations of others, but instead it must be shown that a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully."  *Id*.  Recovery for unjust enrichment is not permitted where there is an adequate remedy at law.  *Southtown Plumbing, Inc. v. Har-Ned Lumber Co.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992).

Defendants argue that Plaintiffs failed to confer any benefit on Defendants.  Specifically, Defendants argue that the transaction was only between Regents Bank and Plaintiffs, so it is impossible for Defendants to be enriched.  The Court again disagrees.

As Plaintiffs show, they have presented evidence that Defendants received a benefit when Plaintiffs took over the note, thereby relieving Defendants of liability and preventing an audit.  Plaintiffs further present evidence on the interest rate their role in the transaction was able to ensure.  Defendants could have been subject to a higher interest rate.  This is sufficient evidence to create genuine issues of material fact.  Defendants' motion for summary judgment on Plaintiffs' claims for unjust enrichment is therefore denied.

Thus, the Court finds that this evidence is sufficient to raise disputed issues of material fact under Rule 56, as it was under Minnesota Rule of Civil Procedure 56.03.

The Court therefore declines to dissolve or modify the State Court's Order with respect to Plaintiffs' claim for unjust enrichment.

## VI. Civil Conspiracy

To establish a claim for civil conspiracy, a plaintiff must show that defendants combined "to accomplish an unlawful purpose or a lawful purpose by unlawful means." *Harding v. Ohio Cas. Ins. Co.*, 41 N.W.2d 818, 824 (Minn. 1950). A civil conspiracy must be supported by an underlying tort. *D.A.B. v. Brown*, 570 N.W.2d 168, 172 (Minn. Ct. App. 1997). The alleged conspirators must have a "meeting of the minds" regarding a plan or purpose of action to achieve the contemplated result. *Bukowski v. Juranek*, 35 N.W.2d 427, 429 (Minn. 1948).

Defendants argue that Plaintiffs fail to meet the threshold element that a tort has been committed. They further assert that Defendants were "total strangers" to the transaction.

In accordance with the above-analysis on Plaintiffs' claims for omissions and misrepresentations, Plaintiffs have presented sufficient evidence to overcome summary judgment on their underlying tort claims under Rule 56. Thus, the requisite underlying tort exists to support Plaintiffs' civil conspiracy claim. The Court agrees with the State Court's characterization of the evidence, namely that Plaintiffs have presented sufficient facts on whether there was a "meeting of the minds" to create a genuine issue of material fact for a jury. As the State Court concludes: "Plaintiffs set forth a detailed narrative of circumstantial evidence." (Anoka Opinion at 29.) Specifically, Plaintiffs present evidence that Defendants Okerman and Emmerich knew that the interest rate on the

Round Lake Note was going to increase. Okerman testified that he told Fields that the banks participating in the Round Lake Note were unhappy and wanted to increase the interest rate. At this time Defendants were aware that the property was no longer being developed. Plaintiffs present evidence that by assigning the Note to Mr. Fields, Defendants could avoid the increased interest rate. Plaintiffs further present evidence of the close ties and financial interests of those parties involved in the transaction and present at the May 15, 2009 meeting with Fields. Finally, Plaintiffs present evidence that Fields did not fully understand the transaction and would not have entered into the transaction if he did, particularly with respect to the release of guaranties sought by Round Lake members, and as reflected in e-mails. (*See id*. at 29.)

Thus, the Court finds that this evidence is sufficient to raise disputed issues of material fact under Rule 56, as it was under Minnesota Rule of Civil Procedure 56.03. The Court therefore declines to dissolve or modify the State Court's Order with respect to Plaintiffs' claim for civil conspiracy.

## VII.   Breach of Contract

Plaintiffs' claim that Defendants breached the contract when Defendants failed to make the required payment pursuant to the terms of the promissory note.[5] To establish a breach of contract, plaintiffs must prove: (1) the formation of a contract; (2) the performance of conditions precedent by the plaintiff; and (3) breach of the contract by the

---

[5]   Plaintiffs only assert this claim against Emmerich and Round Lake. (Doc. No. 12-1 at ¶¶ 84-87.) Plaintiffs also admit that this claim is only in the alternative to their other claims.

13

defendant.  *Thomas B. Olson & Assoc., P.A. v. Leffert, Jay & Polglaze, P.A.*, 756 N.W.2d 907, 918 (Minn. Ct. App. 2008).

Defendants argue that Plaintiffs' breach of contract claim fails as a matter of law because Plaintiffs pledged the promissory note to Regents Bank as collateral and they therefore do not have standing to sue on that note.  Defendants further argue that Emmerich never signed a promissory note and therefore cannot be liable for breach of contract.

First, the Court agrees with the State Court that Plaintiffs have presented sufficient evidence supporting their breach of contract claim to create a genuine issue of material fact for trial and concludes that they do so under Rule 56 in addition to Minn. R. 56.03. As the State Court found, Plaintiffs have presented evidence that Emmerich signed a personal guaranty securing the original loan between Regents Bank and Round Lake. Plaintiffs present evidence that Emmerich's personal guaranty and the Round Lake Note were sold to Fields, Inc.  Plaintiffs then present evidence that Round Lake transacted with Plaintiffs, and promised that it would make payments on the Note, and then stopped making payments in April 2011.  Viewing this evidence in the light most favorable to Plaintiffs, a reasonable jury could find that Round Lake breached the contract and also that Emmerich, through his personal guaranty, is liable for Round Lake's breach of the contract.  (*See* Anoka Opinion at 32.)  Plaintiffs also make allegations that they would not have entered into the transaction at issue if they had been accurately informed.

Second, the Court concludes that the above shows a factual dispute sufficient to overcome summary judgment as to the question of whether Plaintiffs have standing.

14

Viewed in the light most favorable to Plaintiffs, and based on the evidence before the Court, a reasonable jury could find that there was a contract and that it was breached.

Thus, the Court finds that this evidence is sufficient to raise disputed issues of material fact under Rule 56, as it was under Minnesota Rule of Civil Procedure 56.03. The Court therefore declines to dissolve or modify the State Court's Order with respect to Plaintiffs' claim for breach of contract.

## CONCLUSION

In conclusion, the proper procedure in this District for Defendants' motion was to request permission for reconsideration. However, even if Defendants had properly pursued a motion for reconsideration, the Court concludes Defendants have not established any "exceptional circumstances" sufficient to warrant reconsideration. The Court, however, must confirm that a State Court's ruling is consistent with federal law once it has been removed to federal court. Here, the Court confirms that the State Court's ruling is consistent with Federal Rule of Civil Procedure 56 and, as such, the Court declines to dissolve or modify the State Court's Order, and the State Court's Order remains in force here. Thus, Defendants' motions are denied.

Given the history of this litigation, the Court will make its decision on attorney fees and costs for this motion at the conclusion of this litigation and after the Court has had the opportunity to evaluate the conduct of the parties during the remainder of this litigation.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Anthony Emmerich and Round Lake, LLC's Motion for Summary Judgment (Doc. No. [111]) is **DENIED**; and

2. Roger Okerman's Motion for Summary Judgment (Doc. No. [115]) is **DENIED**.

Dated: August 4, 2014
                                            s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge