UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James E. Fields, an individual, and<br>Ed Fields and Sons, Inc., a Minnesota<br>Corporation,<br><br>      Plaintiffs,<br><br>v.<br><br>Anthony Emmerich, an individual; Roger<br>Okerman, an individual; Round Lake,<br>LLC, a Minnesota Limited Liability<br>Corporation; and Federal Deposit Insurance<br>Corporation, as Receiver for 1st Regents<br>Bank,<br><br>      Defendants. | Civil No. 13-509 (DWF/TNL)<br><br><br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

Jennifer C. Moreau, Esq., Joan M. Quade, Esq., and Karen K. Kurth, Esq., Barna Guzy & Steffen, Ltd., counsel for Plaintiffs.

Jeffrey A. Sandell, Esq., Federal Deposit Insurance Corporation; and Rolf E. Sonnesyn, Esq., and Aaron M. Simon, Esq., Tomsche Sonnesyn & Tomsche, PA, counsel for Defendant FDIC.

Ernest F. Peake, Esq., and Patrick J. Lindmark, Esq., Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., counsel for Defendants Emmerich and Round Lake, LLC.

Kevin D. Hofman, Esq., Halleland Habicht PA, counsel for Okerman.

_____

**INTRODUCTION**

   This matter is before the Court on James E. Fields ("Fields") and Ed Fields and

Sons, Inc.'s ("Fields Inc.") (together, "Plaintiffs") Objections to Magistrate Judge

Tony N. Leung's January 6, 2014 Memorandum Opinion & Order Dissolving the State

Court Injunction (Doc. No. 98) insofar as the Magistrate Judge granted the Federal Deposition Insurance Corporation's, as a Receiver ("FDIC-R"), motion to dissolve the state court injunction restraining the FDIC-R from foreclosing on certain cash collateral in its capacity as a receiver.[1] The FDIC-R filed a response to Plaintiffs' Objections on February 3, 2014. (Doc. No. 105.)

## DISCUSSION

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Having reviewed the record and the submissions of counsel, the Court respectfully concludes that Magistrate Judge Leung's Order must be set aside.

---

[1] In this Memorandum Opinion and Order, the Court also addresses the FDIC-R's prior motion for summary judgment (Doc. No. 70) to the extent that it sought summary judgment on Counts One, Two, Four, and Nine of the Second Amended Complaint (Doc. No. 12-1) based on the applicability of 12 U.S.C. § 1821(j). As the Court explained in its April 30, 2014 Memorandum Opinion & Order: "This issue [of the applicability of § 1821(j) to equitable claims against the FDIC-R] has been briefed by the parties and is squarely before the Court through Plaintiffs' pending Appeal/Objection of Magistrate Judge Decision (Doc. No. 98). The Court declines to address this issue in this Memorandum Opinion and Order and will address this issue fully when it issues a decision on Plaintiffs' Appeal/Objection of Magistrate Judge Decision (Doc. No. 98)." (Doc. No. 123 at 18-19.)

The factual background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's Memorandum Opinion & Order and is incorporated by reference for purposes of the Court's review of Plaintiffs' objections.

Plaintiffs argue that the Magistrate Judge "articulated certain conclusions based upon an apparent misunderstanding of several material facts, and misapplied the law." (Doc. No. 98 at 2.)  Plaintiffs base their objections on three arguments which they claim show that § 1821(j) is not an absolute bar to claims for equitable relief against the FDIC-R:  (1) the Notes and any security agreement related to the Notes at issue are void for lack of consideration; (2) no security agreement governs the foreclosure process for the cash; and (3) the case law relating to § 1821(j) is inconclusive as applied to this case. (*See generally id.*)  The FDIC-R counters that the Magistrate Judge's decision accurately determined that the State Court injunction "restrains or affects" the FDIC's exercise of its powers per § 1821(j) and that Plaintiffs' arguments cannot change this fact.  Defendants argue that as a result, any injunctive claims or injunctive relief cannot be before this Court and the State Court injunction must be dissolved.

The Court disagrees that Plaintiffs equitable claims and relief cannot be before this Court, but so concludes based on reasons different from those articulated by Plaintiffs. Specifically, the Court concludes that it has subject matter jurisdiction over Plaintiffs' equitable claims under § 1821(d)(6).

Under § 1821(j), "no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver," and that "[t]his section has been

3

construed broadly to constrain the court's equitable powers." *Dittmer Props., L.P. v. FDIC*, 708 F.3d 1011, 1016 (2013) (citing *Hanson v. FDIC*, 113 F.3d 866, 871 (8th Cir. 1997)); *see also Tri-State Hotels, Inc. v. FDIC*, 79 F.3d 707, 715 (8th Cir. 1996) (citations and quotations omitted). However, this bar is not absolute. "[T]he courts should not treat the FDIC as a 'sacred cow which may graze upon the rights of others at will, unchecked by the courts.'" *F.D.I.C. v. HMS Prop. Mgmt. Grp., Inc.*, Civ. No. 94-0639, 1994 WL 447018, at *1 (W.D. Mo. Aug. 9, 1994) (citation omitted).

Section 1821(j)'s anti-injunction and jurisdictional bar includes an exception: under § 1821(d)(6), courts have jurisdiction to undertake the *de novo* review of all administratively exhausted claims. 12 U.S.C. § 1821(d)(6) ("beginning on . . . the date of any notice of disallowance . . . the claimant may . . . file suit on such claim . . . in the district . . . court of the United States . . . . (and such court shall have jurisdiction to hear such claim)"). Section 1821(j) does not strip a court of its jurisdiction under § 1821(d)(6). This view comports with the plain language of § 1821(j) which reads: "*Except as provided in this section*, no court may take any action. . . ." 12 U.S.C. § 1821(j) (emphasis added). The phrase "except as provided in this section" includes § 1821(d)(6)'s *de novo* judicial review provision.

Here, the parties do not dispute that Plaintiffs have exhausted their claims through the FDIC's administrative process and are exercising their ability to obtain *de novo* review of their claims through this Court. (Doc. No. 53 at 15-16) ("Plaintiffs were given the opportunity to present their claims to the FDIC-R through the administrative claims process; and the Plaintiffs availed themselves of that opportunity. . . . The FDIC-R . . .

4

ultimately disallowed the claims. . . . Plaintiffs are now fully exercising their ongoing ability to obtain *de novo* review of their claims in this Court . . . .") Thus, having exhausted the administrative process, the State Court injunction need not be dissolved and Plaintiffs' injunctive claims are properly within the jurisdiction of this Court.

This decision addresses potential due process concerns. *Placida Prof. Ctr., LLC v. F.D.I.C.*, 512 Fed. Appx. 938, 950 (11th Cir. 2013) (unpublished) (citation omitted) (the court "must construe FIRREA so as to avoid constitutional difficulties"). Here, if the Court were to deprive Plaintiffs of their right to seek judicial review of the FDIC's administrative determination, constitutional concerns would be implicated. *See id*. at 948. Moreover, this approach is not inconsistent with FIRREA's goals of "enabling the receiver to determine creditors' claims and value assets. It is of critical importance to the FDIC . . . to understand the value of the assets to be transferred prior to their sale and transfer." *See id*. at 950 n.12.

The Court further notes that on the alleged facts currently before it, a complete bar to this Court's review of the FDIC's administrative process would encourage failed banks, including shareholders and those with common financial interests, to do precisely what Plaintiffs have alleged they have done here. This cannot be the result intended by Congress in enacting FIRREA. This decision in no way narrows the FDIC's broad powers, but instead works in tandem with those broad powers. *See Jackson Walker LLP v. FDIC*, Civ. No. 12-2839, 2014 WL 1509285, at *3-6 (D. Minn. Apr. 16, 2014) ("If disputing the FDIC's decision with regard to bank assets was automatically an attempt to

"Restrain or affect the FDIC's authority, there would be no reason to allow the filing of administrative or judicial claims in the first place.").

Finally, at this phase in the proceedings, this decision solely maintains the status quo. After *de novo* review has been completed through trial, should Plaintiffs fail on their claims, the FDIC will not be without funds to distribute. However, without access to such a review, Plaintiffs, on the other hand, would be entirely without recourse.

In light of the foregoing, and the records and proceedings herein, the Court concludes that Plaintiffs have demonstrated that the Magistrate Judge's ruling must be set aside. Therefore, the Court sustains Plaintiffs' Appeal/Objections to Magistrate Judge Leung's January 6, 2014 Order (Doc. No. 92) and declines to dissolve the State Court injunction at this time. Further, as a result, the FDIC-R's motion for summary judgment as to Counts One, Two, Four, and Nine on the basis of § 1821(j) is denied, and those claims remain for trial as to the FDIC-R and as part of this Court's proper *de novo* review of Plaintiffs' administratively exhausted claims.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Objections (Doc. No. [98]) to the Magistrate's January 6, 2014 Order Dissolving the State Court Injunction are **SUSTAINED** consistent with the reasons articulated in this Opinion.

2. Magistrate Judge Tony N. Leung's January 6, 2014 Order (Doc. No. [92]) is hereby respectfully **SET ASIDE** consistent with the reasons articulated in this Opinion, and the State Court injunction is **NOT DISSOLVED**.

    3.    The FDIC's Motion for Summary Judgment (Doc. No. [70]) with respect to Counts One, Two, Four, and Nine is **DENIED**.

Dated:  August 4, 2014          <u>s/Donovan W. Frank</u>
                                          DONOVAN W. FRANK
                                          United States District Judge